**JOHN ROBB**, OSB. No. 104910
john@salilaw.com
Kevin Sali LLC
1500 S.W. First Ave., Suite 1020
Portland, OR 97201
Telephone:  (971) 407-3372
Facsimile:  (503) 765-5377

**AMANDA ALVAREZ THIBEAULT,** OSB. No. 132913
amanda@aatlegal.com
Alvarez Thibeault, LLC
330 NE Lincoln Street, Suite 100
Hillsboro, OR 97124
Telephone:  (503)-640-0708
Facsimile:  (503) 214-5436

Attorneys for Defendant Dontae Hunt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONTAE LAMONT HUNT,<br><br>Defendant. | Case No. 3:18-cr-00475-IM<br><br>MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S PHONES SEIZED ON DECEMBER 2, 2017<br><br>Oral Argument Requested |

Donte Hunt, through his attorneys, respectfully moves this Court for an order suppressing all evidence resulting from the seizure and subsequent searches of Defendant's cell phones seized on December 2, 2017, based on the unlawful seizure and warrantless retention of his phones. This motion is supported by the following Memorandum.

PAGE 1 –    MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S PHONES SEIZED ON DECEMBER 2, 2017

## FACTS

On December 2, 2017, the defendant Mr. Hunt was shot, nearly to death, and taken to a hospital to receive emergency treatment. During the investigation, police seized (without a warrant), two of Mr. Hunt's cell phones: one phone found near where Mr. Hunt's body was lying after he was shot and one from Mr. Hunt's pants pocket while he was at the hospital. Mr. Hunt did not consent to the seizure of his phones, nor did he grant permission to police to search them. Police told him, the victim of the crime, that they were seizing his phones because this was "a very serious crime." A warrant authorizing a search of these phones was ultimately sought on January 9, 2020, a period of 753 days after the initial seizure.

## LAW AND ARGUMENT

### I.    The Warrantless Seizure of Mr. Hunt's Cell Phones Was Unlawful

The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures of their persons, homes, and possessions:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

Personal electronic devices such as cell phones are provided significant protection under the Fourth Amendment:

> The nature of the contents of electronic devices differs from that of luggage as well. Laptop computers, iPads and the like are simultaneously offices and personal diaries. They contain the most intimate details of our lives: financial records, confidential business documents, medical records and private emails. This type of material implicates the Fourth Amendment's specific guarantee of the people's right to be secure in their "papers."

PAGE 2 –    MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S PHONES SEIZED ON DECEMBER 2, 2017

*United States v. Cotterman*, 709 F.3d 952, 964 (9th Cir. 2013); *see also Riley v. California*, 573 U.S. 373 (2014).

Here, the police did not have a warrant or any other grounds to justify the seizure of Mr. Hunt's cell phones. Accordingly, any evidence pursuant to the subsequent search much be suppressed. *United States v. Shelter*, 665 F.3d 1150, 1157 (9th Cir. 2011) ("It is the government's burden to show that evidence is not 'fruit of the poisonous tree.'")

**II.    A 753 Day Delay Between Seizure and Obtaining a Search Warrant was Unreasonable**

Even if the government could demonstrate the seizure of Defendant's phones without a warrant was nevertheless reasonable, the continued warrantless retention of the phones for 753 days was a violation of Defendant's constitutional rights.

In this case, the police were not justified in depriving defendant of his possessory interest in his cell phones during that 753-day period without a warrant. Once the grounds for any potential exception to the requirement for a warrant seize his phones lapsed, which would have been—at most—within a day or two, police needed a warrant to retain possession of defendant's cell phone.

Courts have held that significantly shorter periods of delay were constitutionally unreasonable. *See, e.g.*, *United States v. Dass*, 849 F.2d 414 (9th Cir. 1988) (delays of 7 to 29 days in obtaining a search warrant to search seized mail was unreasonable); *United States v. Pratt*, 915 F.3d 266 (4th Cir Feb 8, 2019) (31-day delay in getting a search warrant for defendant's cell phone after its seizure was unreasonable.); *See also United States v. Uu*, 293 F.Supp 3d 1209 (D. Haw. Oct. 16, 2017) ("seizure of defendant's backpack for 20 days without seeking a search warrant was unreasonable"); *United States v. Civil*, 2017 U.S. Dist. LEXIS

158377 (N.D. Fla. Aug. 1, 2017) (waiting 28 days to get a search warrant for cell phones made the search unreasonable).

The Eleventh Circuit has analyzed this concept in the context of seizure of a computer, finding that an initial lawful seizure becomes unconstitutional if law enforcement acts with "unreasonable delay" in securing a search warrant. *United States v. Mitchell*, 565 F3d 1347, 1350-51 (11th Cir. 2009).

In *Mitchell*, the defendant was identified as a possible target in a large-scale child pornography investigation. 565 F.3d at 1348-49. On February 22, 2007, two law enforcement agents went to Mitchell's residence and asked to speak to him about an ongoing investigation. *Id.* at 1349. Mitchell agreed to speak with the agents and let them in. *Id.* The agents told Mitchell they were investigating child pornography, and Mitchell admitted he had purchased subscriptions to two child pornography websites. *Id.* Mitchell also told the agents he had two computers in the house, one of which was a desktop that Mitchell primarily used. *Id.* The agents asked Mitchell whether either computer contained "illegal contraband" and whether they contained child pornography, and Mitchell responded "yes, probably" to both questions. *Id*. Mitchell would not consent to a search of the desktop computer, but admitted to the agents that the desktop was the computer that contained child pornography. *Id.* Accordingly, the agents seized the desktop computer's hard drive and took it with them. *Id.*

A few days later, on February 25, 2007, the primary case agent traveled out of state to attend a two-week training course. *Id.* It was not until March 15, 2007, three days after the agent's return from that training and 21 days after the initial seizure, that the primary case agent obtained a warrant to search the hard drive. *Id.* The warrant application that the agent submitted was comprised primarily of boilerplate language, with only six paragraphs of original content.

PAGE 4 –    MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S PHONES SEIZED ON DECEMBER 2, 2017

See *id.* at 1349-50. After the warrant was issued, the agent searched Mitchell's hard drive and discovered images of child pornography. *Id.* at 1350.

Mitchell moved to suppress the evidence recovered from the search of his hard drive. *Id.* The district court denied his motion, and Mitchell pled guilty while preserving his right to appeal the suppression issue. *Id.* On appeal, Mitchell argued that the 21-day delay in obtaining the search warrant was unreasonable. *Id.*

Reversing the district court, the Eleventh Circuit explained that, "while the initial seizure of [Mitchell's] hard drive was permissible," a seizure based on probable cause can be unconstitutional "if the police act with unreasonable delay in securing a warrant." *Id.* (internal quotation marks omitted). The court further explained that "[t]he reasonableness of the delay is determined in light of all the facts and circumstances, and on a case-by-case basis." *Id.* at 1351 (internal quotation marks omitted). "The reasonableness determination will reflect a careful balancing of governmental and private interests." *Id.* (internal quotation marks and alteration omitted).

As to the government's interest, the court in *Mitchell* found the government's "excuse offered for the three-week delay in applying for a warrant [was] insufficient." *Id.* at 1352. The court emphasized that the agent had two-and-a-half days to seek a warrant before he left on his training, the warrant affidavit itself was largely composed of boilerplate language and could have been put together quickly, and the other investigating agent could have secured a warrant in the primary case agent's absence. *Id.* at 1351. The court further emphasized that the "only reason" the agent gave for the 21-day delay was that he "didn't see any urgency of the fact that there needed to be a search warrant during the two weeks that he was gone, and that he felt there was

PAGE 5 –    MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S
            PHONES SEIZED ON DECEMBER 2, 2017

no need to get a search warrant for the content of the hard drive until he returned back from training." *Id.* (internal quotations and alterations omitted).

The court in *Mitchell* also rejected the government's argument that the delay "had no practical effect upon Mitchell's rights" because the forensic examination of his computer could not have been done until the case agent returned from his training in any event. *Id.* at 1352. The Court explained that this argument was "predicated on the premise that [the agent's] attendance at the training session would have provided an excuse for the delay in applying for the warrant and, if a warrant had been obtained, it would have justified a delay in commencing the search of the hard drive." *Id.* In rejecting that premise, the Court stressed that the purpose of securing a warrant quickly is to ensure that a suspect's property is promptly returned if the search reveals no incriminating evidence, and "this consideration applies with even greater force to the hard drive of a computer, which is the digital equivalent of its owner's home." *Id.* (internal quotation marks omitted).

The court therefore concluded that, under those circumstances, the 21-day delay in obtaining the warrant was unconstitutional, and Mitchell's motion to suppress should have been granted. *Id.*

Here, the delay between the seizure of the phones and the execution of warrants was approximately 753 days. This delay is exponentially longer than the delays which other federal courts have found constitutionally impermissible. The continued possession of Mr. Hunt's phones was unlawful.

PAGE 6 –   MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S
PHONES SEIZED ON DECEMBER 2, 2017

**CONCLUSION**

For the reasons given above, under the 4th Amendment of the United States Constitution, all evidence arising out of the search and seizure of the applicable cell phones should be suppressed.

DATED: February 18, 2022

By:   /s Amanda Alvarez Thibeault
     AMANDA A. THIBEAULT, OSB No. 132913
     amanda@aatlegal.com
     Tel.: (503)-640-0708
     Fax: (503) 214-5436

     s/John Robb
     JOHN ROBB, OSB No. 104910
     john@salilaw.com
     Tel.: (971) 407-3372
     Fax: (503) 765-5377

     Attorneys for Defendant Dontae Hunt

PAGE 7 –   MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S
     PHONES SEIZED ON DECEMBER 2, 2017